### CUFF v. HEINE.

(City Court of New York, General Term.  March 6, 1899.)

LLOYD'S INSURANCE POLICY—RECOVERY AGAINST AN UNDERWRITER.

In an action on a "Lloyd's insurance policy," judgment was had against the attorney in fact for the full amount of the policy, which by its terms made the judgment binding on his principals, the allied underwriters. *Held*, that an underwriter, against whom recovery was sought for his proportionate share of the judgment, was entitled to a proportionate credit for a sum paid pending the litigation against the attorney, and for which no credit was allowed.

Appeal from trial term.

Action by Patrick Henry Cuff against Arnold B. Heine. From a judgment for plaintiff, defendant appeals. Modified and affirmed.

Argued before FITZSIMONS, C. J., and CONLAN, J.

Stern & Rushmore, for appellant.
Menken Bros., for respondent.

CONLAN, J. This appeal is from a judgment for $324.84 in favor of the plaintiff, entered upon the direction of a verdict by the court at the trial term. The action was brought to recover the sum of $200.50, with interest, alleged to be due from the defendant, as his proportion of liability under a judgment recovered against his attorney in fact for the sum of $2,807.12. The several amounts of the claim recovered on the judgment herein are precisely given, as it is thought they are an interesting feature in the progress of this litigation. The complaint alleges that in an action brought in the supreme court by one Richard Brenack against Daniel Woodcock, who was the attorney in fact of the defendant herein and several others, constituting what is known as the "Insurers' Alliance," a judgment had been recovered against said Woodcock, as such attorney in fact, for the sum of $2,807.12, which judgment, it is claimed, bound this defendant in the present action, and upon which he was liable for his proportionate share, or one-fourteenth thereof, being the sum of $200.50, with interest. The original action was founded upon a so-called "Lloyd's insurance policy," and, by the terms of the policy, recovery was to be against the attorney in fact, who was designated in the policy as Daniel Woodcock. This policy was for the sum of $2,500, and the former action was brought to recover the full amount of the policy.

The evidence adduced upon the trial disclosed the fact that pending the litigation of the former action, and before the entry of the

judgment thereon, in default of an answer, the sum of $1,050 was paid on account of the amount sought to be recovered; and yet, strange to say, no credit was given or allowed therein for that amount, or for any other amount. But, regardless of such payment, judgment was entered thereon for the full amount claimed, with interest and costs, to the amount, in the aggregate, of $2,807.12; nor was any credit allowed thereafter upon said judgment, but the judgment for the full amount stated was subsequently assigned to the plaintiff in the present action. If the plaintiff, therefore, be permitted to recover, in the present action, a sum far in excess of the defendant's liability, because of the payment of the $1,050, without a credit or allowance therefor, it is manifest that great injustice will be inflicted upon him and the other contributors to the fund payable under the policy. We think that even and exact justice to all parties requires that the sum of $1,050 so paid on account of the amount sought to be recovered in the first action should be apportioned among all the persons liable under the policy, and that the plaintiff's recovery herein should be limited to the exact amount due by the defendant after the allowance of the credit to which, by all rules of law and equity, he is entitled, and this is a matter easy of calculation; and the judgment of the trial term should be modified accordingly, and, as thus modified, affirmed, with costs.

FITZSIMONS, C. J., concurs.